# In the United States Court of Federal Claims
## OFFICE OF SPECIAL MASTERS
### No. 19-1046V
### Filed: February 1, 2021
UNPUBLISHED

| | |
|---|---|
| GIL HONG, on behalf of E.K., <br><br>               Petitioner, <br> v. <br><br> SECRETARY OF HEALTH AND HUMAN SERVICES, <br><br>               Respondent. | Special Master Horner <br><br><br> Petitioner's Motion for Decision Dismissing Petition; Human Papilloma Vaccine; HPV Vaccine; Seizures; Focal Epilepsy |

*Mark Sadaka, Mark T. Sadaka, LLC, Englewood, NJ, for petitioner.*
*Ronalda Elnetta Kosh, U.S. Department of Justice, Washington, DC, for respondent.*

## DECISION[1]

On July 18, 2019, petitioner filed a claim, on behalf of her minor child, E.K., under the National Childhood Vaccine Injury Act, 42 U.S.C. § 300aa-10-34 (2012), alleging that E.K. suffered seizures and focal epilepsy as a result of his receipt of the human papilloma virus ("HPV") vaccination on July 20, 2016.  (ECF No. 1.)  On July 20, 2020, respondent filed his Rule 4(c) report, recommending against compensation.  (ECF No. 21.)  Petitioner was then afforded an opportunity to file an expert report to support her claim.

On January 29, 2021, petitioner filed a Motion for a Decision Dismissing her Petition.  (ECF No. 24.)  Petitioner indicated that "[p]etitioner understands that a decision by the Special Master dismissing her petition will result in a judgment against her. [Petitioner] has been advised that such a judgment will end all of her rights, for the vaccine(s) in question in this matter, in the Vaccine Program. Petitioner understands that she may apply for fees and costs once her case is dismissed and judgment is

---

[1] Because this decision contains a reasoned explanation for the special master's action in this case, it will be posted on the United States Court of Federal Claims' website in accordance with the E-Government Act of 2002. *See* 44 U.S.C. § 3501 note (2012) (Federal Management and Promotion of Electronic Government Services).  **This means the decision will be available to anyone with access to the Internet.**  In accordance with Vaccine Rule 18(b), petitioner has 14 days to identify and move to redact medical or other information the disclosure of which would constitute an unwarranted invasion of privacy. If the special master, upon review, agrees that the identified material fits within this definition, it will be redacted from public access.

entered against her." (*Id.* at 1.) Additionally, petitioner intends to reserve her rights to file a civil action in the future.

To receive compensation in the Vaccine Program, petitioner must prove either (1) that E.K. suffered a "Table Injury" – *i.e.*, an injury falling within the Vaccine Injury Table – corresponding to a covered vaccine, or (2) that he suffered an injury that was actually caused by a covered vaccine. *See* §§ 13(a)(1)(A) and 11(c)(1). To satisfy his burden of proving causation in fact, petitioner must show by preponderant evidence: "(1) a medical theory causally connecting the vaccination and the injury; (2) a logical sequence of cause and effect showing that the vaccination was the reason for the injury; and (3) a showing of a proximate temporal relationship between vaccination and injury." *Althen v. Sec'y of Health & Human Servs.*, 418 F.3d 1274, 1278 (Fed. Cir. 2005). The Vaccine Act, 42 U.S.C. § 300aa-13(a)(1), prohibits the undersigned from ruling for petitioner based solely on his allegations unsubstantiated by medical records or medical opinion.

Petitioner's medical records do not support her allegations by a preponderance of the evidence and she did not file a medical opinion from an expert in support of her allegations. Accordingly, the undersigned **GRANTS** petitioner's Motion for Decision Dismissing Petition and **DISMISSES** this petition for failure to establish a *prima facie* case of entitlement to compensation.

## CONCLUSION

This case is now **DISMISSED**. The clerk of the court is directed to enter judgment in accordance with this decision.[2]

**IT IS SO ORDERED.**

**s/Daniel T. Horner**
Daniel T. Horner
Special Master

---

[2] Pursuant to Vaccine Rule 11(a), entry of judgment can be expedited by each party, either separately or jointly, filing a notice renouncing the right to seek review.